JOHN G. PARKER et al. *v.* JOHN BACON et al.

Where a party, in asserting his right as assignee of an instrument, shows that he is not, from the nature of the matter, such an assignee, he cannot claim that character. *Held,* that a judgment cannot be transferred to a party by delivery, so as to authorize him to enforce its payment.

ON appeal from the southern district chancery court at Monticello; Hon. James M. Smiley, vice-chancellor.

This was a bill of Bacon et al., filed November 29th, 1849, and charges, that on the 18th May, 1838, Morgan McAfee, John G. Parker, Jesse McAfee, and Joseph McAfee, made their promissory note of that date, payable to the Planters Bank ten months after date, for the sum of $4,650, negotiable at the branch of said bank at Monticello; that said bank, in the circuit court of Covington county, on the 20th November, 1839, recovered a judgment against defendants, Joseph McAfee and John G. Parker, for the sum of $4,930.05 debt, and $29 costs of suit.

That said bank, before its dissolution, had transferred, by delivery, for value received, the said judgment to complainants, of which defendants had due notice; and that said branch bank afterwards, upon information, was deprived of its corporate existence; and that said defendants had never paid said judgment to said bank before its dissolution, nor to said complainants, except the sum of $50, since its dissolution; and pray for

36*

Parker et al. *v.* Bacon et al.

a decree of such sum as may be found due on said judgment against said defendants, and for general relief.

And, at the July term, 1850, complainants obtained leave to file an amended bill, in which they allege that they had learned since the filing of their original bill, that previous to the 2d day of June, 1840, an execution had issued on said judgment to the sheriff of said county, (at what time, your orators are unable to state,) and was levied on five negroes of defendants, which were replevied by them, and forthcoming bond executed with Archibald Anderson, as security. That said bond was forfeited on 18th May, 1840, and thereby had the force of a judgment; that they, the said execution and bond, are lost, and cannot be found.

That several executions issued on said statutory judgment, and one issued 28th February, 1842, was, on 6th May, 1842, levied on a tract of land owned by Joseph McAfee; that said land was appraised, and did not bring two thirds of its appraised value, and was not sold, but was afterwards, on 17th September, 1844, sold for $50, which is the only sum ever paid on said judgment.

The defendants demurred to the bill, which was overruled by the court, from which decision the defendants prayed this appeal.

*Freeman* and *Dixon* for appellants.

A judgment is a judicial record, and is not assignable by delivery. But if it could be transferred under ordinary circumstances, the Planters Bank was prohibited, by law, from transferring its notes and judgments, and all such transfers are void. *Planters Bank* v. *Sharp*, 4 S. & M. 17.

Where two or more are sued in assumpsit, and a writ is executed as to one and returned not found as to the other, one of the defendants pleads and the others do not, and no disposition is made in the record as to the other defendant, it will be error to take judgment against all. 2 How. 786; 6 Ib. 517; 4 S. & M. 737; 5 Ib. 573; 7 Ib. 85.

As to defective service of a writ, see 3 How. 70; 5 Ib. 688.

Parker et al. *v.* Bacon et al.

*G. S. Yerger*, for appellees,

In reply, contended there was no error in the judgment, and that this court has decided, that where a plea is put in for the defendants, it embraces all sued.

Mr. Justice HANDY delivered the opinion of the court.

The bill in this case was filed to enforce a judgment at law, recovered by the Planters Bank against the defendants, which is alleged to have been transferred, " by delivery," to the complainants. The charter of the bank having been forfeited and taken away, under *quo warranto*, the bill is filed in the name of the assignees, " by delivery," of the judgment, to enforce the judgment. The defendants demurred to the bill, which was overruled; from which order the defendants have taken this appeal.

We are of opinion, that the demurrer was improperly overruled. The only title of the complainants to the judgment alleged in the bill was by delivery. It is manifest that no legal title could pass by that means, and it is not pretended that it did. Nor can we perceive how an equitable title to a judgment can pass by delivery. It consisted only of record, and was incapable of delivery. The actual record itself, of course, could not be delivered, and a delivery of a transcript could not pass any title, because that might be done by any one who saw proper to procure a transcript and deliver it, without ownership of the judgment itself, to another. How would the defendant be secure in paying a judgment to such an assignee? He certainly has a right to require such evidence of the assignment as will protect him against the claim of the plaintiff of record. In the case of a bond, bill, or note not assigned in writing, the possession gives an equitable title, and when a party pays the debt, he gets possession of the evidence of it, and is thereby safe. The holder is regarded as the equitable assignee, and *primâ facie* is entitled to receive payment. So the assignee of a judgment, having such evidence of title as, though it does not pass a legal title to sue in his own name, authorizes the party to receive payment, and protects the defendant in making payment, is held to be an equitable assignee. But where the party,

in asserting his right, shows that he is not, from the nature of the matter, such an assignee, he cannot claim that character. Such is the case here. The complainants not only do not show any assignment in writing, or of record, or of any evidence of title, which would protect the defendant in making payment; but they show an assignment impracticable in law, which can confer no right of itself.

The decree is, therefore, reversed, and the case remanded for amendment, if the chancellor should think that the merits of the case authorize an amendment.